UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRED THOMAS, JR., <br><br>    Plaintiff, <br><br>  v. <br><br> SCO. L. BIRD, et al., <br><br>    Defendants. | Civil Action No. 12-7476 (MAS) (DEA) <br><br> **MEMORANDUM AND ORDER** |

This matter has come before the Court on a civil rights Complaint filed by Plaintiff Fred Thomas, Jr. pursuant to 42 U.S.C. § 1983, raising excessive force claims. Presently before the Court is a motion to dismiss ("Motion") by Defendant Sergeant Barnwell ("Barnwell" or "Defendant"). (ECF No. 41). It appearing:

1. Barnwell raises two arguments for dismissal. First, he argues that the Complaint should be dismissed because Plaintiff has not demonstrated in the Complaint that he exhausted administrative remedies. The Court agrees that federal law requires Plaintiff, as a prisoner, to exhaust administrative remedies prior to assertion of his § 1983 claims. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the . . . exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). However, "failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Failure to plead proper exhaustion, therefore, is not a basis upon which to dismiss Plaintiff's Complaint

on exhaustion grounds.[1] Because Plaintiff is not required to plead exhaustion in the first place, the Court cannot find, at this stage of the litigation, that there are no additional facts, not pled in the Complaint, which could establish exhaustion. Accordingly, Defendant's Motion is denied on this ground.

2. Barnwell's second argument for dismissal is that the Complaint fails to state a claim upon which relief may be granted. To begin, Barnwell seems to suggest that the only excessive force alleged in the Complaint is "spitting," and that "[t]he resulting effect on the plaintiff appears to be a loss of his 'dreads' per the working of the Complaint." (Barnwell's Br. 6-7, ECF No. 41-1.) This is contrary to the allegations in the Complaint, where Plaintiff alleges that he was punched, kicked, and stomped on by correctional officers. (Compl. 6, ECF No. 1.) Indeed, the Complaint further alleges that at least one of the officers was charged by the prosecutor with assault. (*Id.* at 4.)

3. Barnwell further argues that the allegations in the Complaint cannot definitively establish that he was the individual who punched, kicked, stomped, or even spit on Plaintiff. Although the Third Circuit has not ruled on this issue, a majority of the circuit courts have applied the doctrine of joint and several liability and indivisible injury to § 1983 claims. As the Seventh Circuit held in addressing a plaintiff's § 1983 claims, "[j]oint and several liability is a theory of recovery which requires that the plaintiffs, in an action alleging tortious or constitutionally repugnant conduct by multiple actors, establish that each defendant acted in concert to 'produce a

---

[1] Barnwell cites to *Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010), for the proposition that "[a] prisoner must show compliance with his prison's specific grievance procedures prior to filing suit." (Barnwell's Br. 5, ECF No. 41-1.) While that may be the standard, nothing in *Drippe* holds that Plaintiff must make that showing at the pleading stage. Indeed, *Drippe* addressed a summary judgment motion filed after discovery concluded, and held that "exhaustion of administrative remedies is an affirmative defense that need not be specially pleaded by the inmate or *demonstrated in the complaint.*" *Id.* at 782 (citing *Jones*, 549 U.S. at 199) (emphasis added).

2

single, indivisible injury.'" *Harper v. Albert*, 400 F.3d 1052, 1061-62 (7th Cir. 2005); *see Jackson v. City of Pittsburg*, 518 F. App'x 518, 520-21 (9th Cir. 2013) (finding a defendant in a § 1983 case liable for the entire damages award because his unconstitutional retaliation was a proximate cause of plaintiff's indivisible injuries); *Northington v. Marin*, 102 F.3d 1564, 1569 (10th Cir. 1996) ("Multiple tortfeasors who concurrently cause an indivisible injury are jointly and severally liable; each can be held liable for the entire injury. . . . These rules apply in § 1983 actions."); *Koster v. Perales*, 903 F.2d 131, 139 (2d Cir. 1990) (upholding the district court's application of joint and several liability in a § 1983 action); *Finch v. City of Vernon*, 877 F.2d 1497, 1503 (11th Cir. 1989) (finding the municipality defendant jointly and severally liable for plaintiff's indivisible injury stemming from a First Amendment violation); *Lugar v. Edmondson Oil Co., Inc.*, 639 F.2d 1058, 1065 n.14 (4th Cir. 1981), *aff'd in part, rev'd in part on other grounds*, 457 U.S. 922 (1982) (holding that a § 1983 plaintiff "may establish joint and several liability for indivisible injury against all defendants whose conduct can be shown to have concurred in causing the ultimate injury"). At least one court in this district has also applied joint and several liability to § 1983 claims. *See Carter v. Georgevich*, 78 F. Supp. 2d 332, 335-36 (D.N.J. 2000). Indeed, since § 1983 claims are essentially tort claims in nature, the Court sees no reason why such fundamental tort principles should not apply to the § 1983 claims in this case. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 689 (1999) (stating that "[t]here can be no doubt that § 1983 claims sound in tort").

    4.    Here, Barnwell does not deny that he was one of three officers present at the scene when the alleged assault took place. Given the circumstances described in the Complaint, it is plausible that Plaintiff could not discern exactly which officer threw which punch, made which kick, or spit on him. It is enough that Barnwell was present, and had personal involvement in the

3

alleged constitutional violations—he either participated in the alleged use of excessive force, or acquiesced in the use of that force. *See White v. Bell*, No. 10-0863, 2015 WL 5123984, at *6 (M.D. Tenn. Aug. 31, 2015) (adopting a joint and several liability instruction for the jury on an excessive force claim); Restatement (Third) of Torts § C18 (2000) ("When an injury is indivisible and legally caused by the tortious conduct of two or more persons, each is jointly and severally liable."). The fact that Plaintiff may not have suffered serious injury from the alleged incident is not dispositive of Plaintiff's claim. *See Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) (holding that, in a claim of excess force by a prisoner, "the use of excessive physical force . . . may constitute [a constitutional violation] even when the [plaintiff] does not suffer serious injury.") (citation and quotation marks omitted); *Pannell v. Miller*, 131 F.3d 144 (8th Cir. 1997) (holding that "lack of serious injury [is] not dispositive" of an excessive force claim); *Piper v. City of Elmira*, 12 F. Supp. 3d 577, 589 (W.D.N.Y. 2014) ("[T]he absence of a serious injury is not dispositive of the [excessive force] claim[.]"); *Antoine ex rel. Antoine v. Rucker*, No. 03-3738, 2006 WL 1966649, at *10 (D.N.J. July 12, 2006) ("[A]lthough relevant, permanent or serious injury is neither a requirement nor a dispositive factor in an excessive force claim under § 1983."). Thus, the Motion is denied on this ground.

**IT IS** therefore on this 30th day of March, 2017,

**ORDERED** that the motion to dismiss (ECF No. 41) is hereby **DENIED**; it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**